91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John C. MONTUE, Petitioner-Appellant,
v.
James ROWLAND; W.A. Duncan, Respondents-Appellees.
 No. 95-17164.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Montue, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Montue is serving a life sentence imposed after a jury convicted him in 1979 of kidnapping, robbery, grand theft, conspiracy, and resisting arrest. He claims, first, that the trial court should have reiterated to the jury that he was presumed innocent after courtroom security was enhanced; second, that the court admitted statements obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966) and; third, that his appellate counsel was ineffective because he failed to raise these issues. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 We review de novo a district court's denial of habeas relief. James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 115 S.Ct. 333 (1994). To determine whether enhanced courtroom security prejudiced a defendant's right to a fair trial:
 
 
 4
 [We] look at the scene presented to jurors and determine whether what they saw was so inherently prejudicial as to pose an unacceptable threat to defendant's right to a fair trial; if the challenged practice is not found inherently prejudicial and if the defendant fails to show actual prejudice, the inquiry is over.
 
 
 5
 Holbrook v. Flynn, 475 U.S. 560, 572 (1986). "A faulty jury instruction ... constitute[s] a violation of due process only where the instruction by itself infects the entire trial to such an extent that the resulting conviction violates due process." Hendricks v. Vasquez, 974 F.2d 1099, 1106 (9th Cir.1992) (citations omitted). A petitioner's burden is " 'especially heavy' " when the error he alleges is the failure to give an instruction. Id. (quoting Henderson v. Kibbe, 431 U.S. 145 (1977)).
 
 
 6
 Montue's trial was marked by two minor disruptions. First, on the fourth day of trial, while his victim was testifying, his three brothers entered the courtroom, all wearing empty shoulder holsters. Following a break, three uniformed sheriffs appeared at the rear of the courtroom. Second, on the eighth day of trial, a man entered the courtroom and said, "hello people. I love all of you as human beings. I'm just TR, another human being." After a short recess, the judge ordered the first two rows of spectator seats cordoned off.
 
 
 7
 In light of these apparent security measures and the fact that spectators were being made to pass through a metal detector before entering the courtroom, Montue's counsel asked the trial judge to tell the jury "that the defendant has done nothing to suggest that any security precautions are necessary to restrain him." The court declined, but invited counsel to address the issue in his closing argument.
 
 
 8
 Montue argues that, without the curative instruction he requested, the heightened security in the courtroom branded him before the jury "with an unmistakable mark of guilt," Holbrook, 475 U.S. at 571, requiring that his habeas petition be granted. We disagree.
 
 
 9
 Metal detectors and uniformed guards are commonplace in government buildings, and do not give rise to unfair inferences of a defendant's guilt. See e.g., Holbrook, 475 U.S. at 568-69 (distinguishing deployment of security personnel from shackling); King v. Rowland, 977 F.2d 1354, 1358 (9th Cir.1992) (no inherent prejudice from presence of three sheriffs guarding defendant); Morgan v. Aispuro, 946 F.2d 1462, 1465 (9th Cir.1991) (no inherent prejudice from moving trial into security courtroom), cert. denied, 506 U.S. 830 (1992); The security measures taken at Montue's trial were not inherently prejudicial, and Montue points to no evidence, other than his conviction, that they caused actual prejudice. This ends our inquiry. See Holbrook, 475 U.S. at 572. The trial court's refusal to instruct the jury as Montue requested did not violate due process. See Hendricks, 974 F.2d at 1108 (where there is no error, no curative instruction is required).
 
 
 10
 Montue next contends that his Miranda rights were violated when statements he made after he declined to sign a form waiving those rights were used against him in court.
 
 
 11
 We review de novo whether statements made after Miranda warnings are voluntary. Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991), cert. denied, 502 U.S. 1031 (1992).
 
 
 12
 Written waiver of Miranda rights is neither necessary nor sufficient to show that a suspect's uncounseled statements were voluntary. United States v. Andaverde, 64 F.3d 1305, 1313-14 (9th Cir.1995); United States v. Cheeley, 36 F.3d 1439, 1448 (9th Cir.1994). The test is, rather, "whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." Derrick v. Peterson, 924 F.2d 813, 817 (9th Cir.1990), cert. denied, 502 U.S. 853 (1991).
 
 
 13
 Here, after Montue was arrested, a detective read him his Miranda rights and Montue asserted that he understood them. The detective then asked, "Having these rights in mind, do you want to sign the waiver form?" Montue replied, "I don't want to sign, but I want to tell my side of the story anyway." When the detective asked, "What do you want to tell me?" Montue made incriminating statements. The record is wholly devoid of evidence that Montue's will was overborne by coercion or improper inducement. Thus, we find no constitutional violation in the admission of his statements. See Derrick, 924 F.2d at 817.
 
 
 14
 We reject Montue's final argument, that effective counsel would have raised the foregoing claims. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983) (appellate counsel need not raise every nonfrivolous issue requested by defendant).[1]
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Montue's request for oral argument is therefore denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal